UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TARVIS WILSON,

        Plaintiff,

v.                                Case No. 3:19-cv-1074-J-39JBT

SERGEANT CARVER, et al.,

        Defendants.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Tarvis Wilson, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.). Plaintiff moves to proceed in forma pauperis (Docs. 8, 9). In his complaint, Plaintiff names eleven Defendants for alleged constitutional violations that occurred at Suwannee Correctional Institution (SCI) on November 20, 2015. See Compl. at 2-4.[1] Plaintiff alleges Defendants Carver, Moody, and Ovando placed him on seventy-two-hour strip status for a disciplinary infraction (leaving his "blues" on his cell floor), which Plaintiff contends should not have resulted in such a sanction. Id. at 6-7. Plaintiff alleges he was deprived of all bedding, hygiene and personal items, and clothing (except boxers)

---

[1] The Court notes Plaintiff asserts the same claims as he does in case number 3:19-cv-1073-J-39PDB, which he initiated the same day. In case number 3:19-cv-1073-J-39PDB, Plaintiff sues fewer Defendants, some of whom he also names in this case, for his placement on strip status on April 12, 2016.

while on strip status. Id. at 4. Such conduct, Plaintiff alleges, amounts to deliberate indifference and cruel and unusual punishment in violation of the Eighth Amendment and a denial of due process in violation of the Fourteenth Amendment.² Id.

Plaintiff names the other Defendants in their roles as supervisors or grievance responders. He alleges Defendants Ratliff, Perry, Lane, Dickerson, Hayes, Gartman, Greene, and Adams, "in approving, or unofficially aiding, condoning, concealing and/or directly perpetuating the wanton and malicious deprivation" of personal property amounts to "a breach of freedom of speech as retaliation in violation of the [First] Amendment." Id. at 4.

Plaintiff contends Defendants' conduct caused him to experience depression, humiliation, soreness, and sleep deprivation. Id. at 9. He also asserts he had an asthma attack on April 15, 2015.³ Id. As relief, Plaintiff seeks damages and declaratory and injunctive relief. Id.

---

² Plaintiff contends Defendants' conduct deprived him equal protection as well. See Compl. at 4. It appears Plaintiff intends to assert a due process claim only, because he says his placement on 72-hour strip status "imposed an atypical and significant hardship on [him] in relation to the ordinary incidents of prison life, [which] denied [him] due process of law." Id. Plaintiff alleges no facts suggesting he was discriminated against based on a constitutionally protected interest. See id.

³ It appears Plaintiff references the asthma attack in error in this complaint. Plaintiff alleges in his other complaint (case number 3:19-cv-1073-J-39PDB) that he was treated in the emergency

2

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."

---

room for an asthma attack on April 15, 2015 (the reference to 2015 appears to be a typographical error), following his placement on strip status on April 12, 2016. The medical records Plaintiff provides with his other complaint confirm he was seen in the emergency room on April 15, 2016.

Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

First, Plaintiff fails to state a claim under the Eighth Amendment. To state a claim that his conditions of confinement violated the Eighth Amendment, a prisoner must allege the prison official was deliberately indifferent to conditions that were "sufficiently serious." Chandler v. Crosby, 379 F.3d 1278, 1288 (11th Cir. 2004) ("The 'cruel and unusual punishments' standard

applies to the conditions of a prisoner's confinement."). Conditions of confinement are sufficiently serious under the Eighth Amendment only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." Id. at 1289. Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. Id.

Plaintiff does not allege the conditions of his confinement posed an unreasonable risk to his health or safety of which Defendant were aware. See id. Even more, the grievance documents Plaintiff offers in support of his complaint (Doc. 1-2) belie his allegation he was denied hygiene items while on strip status. Prison officials stated in grievance responses that "hygiene items such as toilet paper, and a towel, were provided to [Plaintiff] on an as needed basis." See Doc. 1-2 at 16, 20.

The Eleventh Circuit has expressly held a prisoner who alleges he was placed on seventy-two-hour strip status and provided only boxers fails to state a claim under the Eighth Amendment. See Woodson v. Whitehead, 673 F. App'x 931, 932 (11th Cir. 2016) ("Confinement without clothing (other than boxers), bedding, or hygienic materials for 72 hours during the months of April and August in Florida is not the type of extreme prison condition[] that create[s] a substantial risk of serious harm."). See also O'Connor v. Kelley, 644 F. App'x 928, 932 (11th Cir. 2016) (holding the prisoner failed to state the conditions of his confinement

5

were cruel and unusual when he was placed on strip status for weeks). Because Plaintiff's claim is premised on facts the Eleventh Circuit has held do not amount to an Eighth Amendment violation, his claim necessarily fails. See Woodson, 673 F. App'x at 932; O'Connor, 644 F. App'x at 932.

Second, Plaintiff's allegations, accepted as true, fail to demonstrate a denial of due process under the Fourteenth Amendment. See Woodson, 673 F. App'x at 933 (recognizing "restrictive disciplinary confinement . . . is not the kind of change in condition that . . . imposes an atypical or significant hardship") (citing Sandin v. Conner, 515 U.S. 472, 482-86 (1995)). Plaintiff asserts no facts indicating he was subjected to conditions so severe that they imposed upon him a significant hardship in comparison to the ordinary incidents of prison life. Additionally, Plaintiff provides a grievance response in which a prison official states Plaintiff was appropriately disciplined for violating a prison rule. See Doc. 1-2 at 18.

Finally, Plaintiff fails to state a First Amendment violation against the remaining Defendants who allegedly condoned, concealed, or perpetuated Defendants Carver, Moody, and Ovando's conduct. To state an actionable claim for retaliation, a plaintiff must allege:

> (1) his speech was constitutionally protected;
> (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory

6

> conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action . . . and the protected speech [the grievance].

O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011) (first and third alterations in original). Plaintiff alleges no facts suggesting these Defendants retaliated against him because he engaged in protected speech. Rather, he contends they "conspired" with other Defendants by "concealing and failing to intervene [in] the ongoing problem of unconstitutional strip at [SCI]." Compl. at 7. Because the Court finds Plaintiff fails to allege an underlying constitutional violation against Defendants Carver, Moody, and Ovando, Plaintiff likewise fails to allege the other Defendants are liable for concealing or failing to intervene in the alleged conduct.

To the extent Plaintiff's claim against Defendants Ratliff, Perry, Lane, Dickerson, Hayes, Gartman, Greene, and Adams is premised solely on their roles as supervisors, his claim fails as a matter of law. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."). See also Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1308 (11th Cir. 2009) (holding the plaintiff's supervisory liability claim failed "because the

7

underlying § 1983 claims fail[ed]") (citing Hicks v. Moore, 422 F.3d 1246, 1253 (11th Cir. 2009)).

Accordingly, it is now

**ORDERED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of January, 2020.

/s/ Brian J. Davis
BRIAN J. DAVIS
United States District Judge

Jax-6
c: Tarvis Wilson

8